UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RAMON N.,

                  Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____

**DECISION AND ORDER**

1:23-CV-00890 EAW

## INTRODUCTION

Represented by counsel, Plaintiff Ramon N. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 6; Dkt. 8), and Plaintiff's reply (Dkt. 9). For the reasons discussed below, the Commissioner's motion (Dkt. 8) is granted, and Plaintiff's motion (Dkt. 6) is denied.

- 1 -

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on May 6, 2020.  (Dkt. 5 at 85-86).[1]  In his applications, Plaintiff alleged disability beginning February 1, 2019, due to wearing a life vest, fluid around his heart, cardiac impairment, effraction of the heart, motor vehicle accident on July 2, 2019, sciatic impairment, herniated discs in his lower back, and congestive heart failure.  (*Id.* at 87-88, 93-94).  Plaintiff's applications were initially denied on October 30, 2020.  (*Id.* at 123-42).  A video hearing was held before administrative law judge ("ALJ") Paul Georger in Rochester, New York, on January 14, 2022, and on June 10, 2022.  (*Id.* at 39-72, 73-84).  On August 3, 2022, the ALJ issued an unfavorable decision.  (*Id.* at 11-23).  Plaintiff requested Appeals Council review; his request was denied on July 10, 2023, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 5-10).  This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   <u>Disability Determination</u>

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id*. §§ 404.1520(d), 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id*. §§ 404.1509, 416.909, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id*. §§ 404.1520(f), 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id*. §§ 404.1520(g), 416.920(g).   To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

- 4 -

**DISCUSSION**

I.  **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920.  Initially, the ALJ determined that Plaintiff last met the insured status requirements of the Act on September 30, 2022.  (Dkt. 5 at 16).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since February 1, 2019, the alleged onset date.  (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: "Cardiomyopathy with Congestive Heart Failure, status-post cardiac catheterization; Degenerative Disc Disease of the Cervical Spine with cervical spondylosis and radiculopathy; Degenerative Disc Disease of the Lumbar Spine with lumbar radiculopathy and Obesity."  (*Id.* at 17).  The ALJ further found that Plaintiff's medically determinable impairments of hypertension, diabetes mellitus type 2, hypertension, and hyperlipidemia were non-severe.  (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*).  The ALJ particularly considered the criteria of Listings 1.15, 4.02, 4.04, and 4.05 in reaching his conclusion.  (*Id.* at 17-18).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that:

> [Plaintiff] can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds.  [Plaintiff] can occasionally balance, stoop, kneel, crouch

and crawl.  [Plaintiff] requires a sit/stand option, changing position every 30 minutes.

(*Id.* at 18).  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  (*Id.* at 21).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of information clerk, toll collector, and shipping and receiving weigher.  (*Id.* at 22-23).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act.  (*Id.* at 23).

II.    **The Commissioner's Determination is Supported by Substantial Evidence and Free from Legal Error**

Plaintiff asks the Court to remand this matter to the Commissioner, arguing that the ALJ's highly specific sit/stand option is not supported by substantial evidence, warranting remand.  (Dkt. 6-1 at 7-9).  Specifically, Plaintiff contends that the ALJ assessed an RFC requiring the ability to sit or stand every thirty minutes, and he did not explain "where this limitation came from—or why it did not go further."  (*Id*. at 7).  The Court has considered this argument and, for the reasons discussed below, finds it to be without merit.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  While an ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision," *id*., an ALJ is not a medical professional, and therefore he "is not qualified to assess a

claimant's RFC on the basis of bare medical findings," *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation and citation omitted).

However, at bottom, "[a]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021) (finding it was proper for the ALJ "pursuant to his statutory authority . . . [to] consider[ ] the medical and other evidence in the record in its totality to reach an RFC determination"); *see also Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) ("Where . . . the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." (quotations, citations, and alteration omitted)).

In assessing the RFC, the ALJ's reasoning "must always be sufficiently discernible as to allow a reviewing court to ensure that the ALJ employed the proper standards and rendered a decision supported by substantial evidence." *Gail F. v. Comm'r of Soc. Sec.*, No. 21-CV-120-FPG, 2022 WL 17578465, at *4 (W.D.N.Y. Dec. 12, 2022) (quotations and citation omitted).

As noted above, Plaintiff takes issue with the fact that the RFC adopted a specific limitation for sitting and standing that allegedly was not supported by evidence in the record. Specifically, the RFC requires Plaintiff to perform light work with limitations, including a sit/stand option, which affords him the ability to change position every 30 minutes. Contrary to what Plaintiff's argument suggests, "an RFC determination, even one containing highly specific limitations, is not fatally flawed merely because it was

formulated absent a medical opinion or specific limitation." *Tiffany L. v. Comm'r of Soc. Sec.*, No. 1:20-CV-0677 (WBC), 2021 WL 3145694, at *4 (W.D.N.Y. July 26, 2021) (citing *Cook v. Comm'r of Soc. Sec.*, 818 F. App'x 108, 109-10 (2d Cir. 2020)). Accordingly, to the extent Plaintiff's argument is premised on the ALJ affording Plaintiff a sit/stand option, with the ability to change position every 30 minutes, in the absence of a medical opinion assessing that very same limitation, that argument is not supported by the law, and courts have previously rejected it on several occasions. *See, e.g., Michael K. v. Comm'r of Soc. Sec.*, No. 1:20-cv-1467-DB, 2022 WL 3346930, at *10 (W.D.N.Y. Aug. 12, 2022) ("just because there is no explicit opinion or subjective complaint that mirrors an RFC limitation does not mean there was an error"); *Jennifer O. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1474 (WBC), 2022 WL 2718510, at *4 (W.D.N.Y. July 13, 2022) ("an RFC determination, even one containing highly specific limitations, is not fatally flawed merely because it was formulated absent a medical opinion").

It is clear from the written determination how the ALJ arrived at the sit/stand limitation. Specifically, the sit/stand limitation is supported by the opinion of Steven Goldstein, M.D., the medical expert who testified at Plaintiff's administrative hearing. Dr. Goldstein opined that Plaintiff was limited to light work with additional postural limitations, including that Plaintiff was precluded from climbing ladders, ropes, or scaffolds, and that he could perform other postural activities occasionally. Dr. Goldstein further found that Plaintiff's time off-task would not exceed 10-15 percent, and he would not be absent more than one day per month. (*See* Dkt. 5 at 77-83; *see also id*. at 20 (ALJ discussing Dr. Goldstein's opinion, which he found to be persuasive)). The ALJ further

noted that although Plaintiff stated that he had difficulty sitting for too long, reaching overhead, and walking more than 20 feet, this was contradicted by other evidence in the record, including that Plaintiff did not have any weakness in the upper or lower extremities, he did not need an assistive device to ambulate, and he did not have an abnormal gait.  (*Id*. at 20-21).

Although Dr. Goldstein did not specifically assess a sit/stand limitation, this does not render the RFC not supported by substantial evidence.  Indeed, "the fact that the ALJ's RFC assessment did not perfectly match [the consultative examiner's] opinion, and was in fact more restrictive than that opinion, is not grounds for remand."  *See Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at \*3 (W.D.N.Y. Sept. 8, 2017); *see also Francois M. v. Comm'r of Soc. Sec.*, No. 6:20-cv-07123 (JJM), 2023 WL 2674546, at \*5 (W.D.N.Y. Mar. 29, 2023) ("Notwithstanding the lack of medical evidence supporting the need for non-exertional limitations, [the ALJ] gave the plaintiff the benefit of the doubt and credited some of plaintiff's subjective complaints by including restrictions to accommodate for limitations in this domain.  This was not an error.").

The Court further notes that the sit/stand limitation is supported by Plaintiff's own testimony.  For example, at the administrative hearing, Plaintiff reported that he could stand for 30 minutes at one time.  (*See* Dkt. 5 at 58 (Plaintiff's testimony that he can stand for "about a half hour")).  Plaintiff also reported to his medical provider that he could sit for 30 minutes.  (*See id*. at 516 (on April 8, 2020, Plaintiff reporting that he can sit for 30 minutes); *id*. at 600 (on June 22, 2021, Plaintiff reporting that he can sit for 30 minutes)).  In other words, the sit/stand limitation assessed by the ALJ is consistent with Plaintiff's

own reports of his physical functioning.  *See Mary Diane K. v. Comm'r of Soc. Sec.*, 541 F. Supp. 3d 270, 276-77 (W.D.N.Y. 2021) (explaining that it was not erroneous for the ALJ to partially credit the plaintiff's testimony regarding her own limitations and assess more restrictive limitations than those identified by the consultative examiners, and concluding that "the ALJ appropriately based her assessment of Plaintiff's RFC on the evidence as a whole, including the medical opinions and Plaintiff's own testimony").

Accordingly, the Court finds that the RFC for light work with additional restrictions, including the sit/stand limitation, to be supported by the record, and it is clear to the Court how the ALJ arrived at this assessed limitation.  Remand is not required on this basis.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 8) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 6) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 15, 2024
          Rochester, New York